IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERCURIA ENERGY TRADING S.A. | § § § | |
| *vs*. | § § | C. A. NO.  H – 15 – 1078 ADMIRALTY |
| M/T EAGLE KANGAR, *etc., et al.* | § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mercuria Energy Trading S.A. files this Original Complaint against Defendants, the M/T EAGLE KANGAR, *in rem*, and AET Inc. Limited ("AET") and AET Shipmanagement (Singapore) Pte. Ltd. ("AET Singapore"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.     This action arises from loss to a maritime cargo and/or breach of a maritime contract.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.     Plaintiff is a Swiss business entity with its principal place of business in Geneva, Switzerland.

3.     At all times material and on information and belief, the M/T EAGLE KANGAR was an ocean–going vessel, registered in Singapore, bearing International Maritime Organization (IMO) No. 9417024, weighing approximately 60,379 gross tons,

and engaged in the carriage of cargo to and from ports in the United States.

4. At all times material and on information and belief, AET was a foreign business entity that owned, managed and/or operated the M/T EAGLE KANGAR as a common carrier of goods by water for hire between various ports, including the Ports of Tallinn, Estonia, Corpus Christi and Houston. At all times material, AET did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. The exercise of personal jurisdiction over AET is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving AET with a summons is effective to establish personal jurisdiction over it. AET can be served by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

5. At all times material and on information and belief, AET Singapore was a foreign business entity that managed and/or operated the M/T EAGLE KANGAR as a common carrier of goods by water for hire between various ports, including the Ports of Tallinn, Corpus Christi and Houston. AET Singapore is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas

navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  AET Singapore is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although AET Singapore may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and AET Singapore has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over AET Singapore is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving AET Singapore with a summons is effective to establish personal jurisdiction over it.  AET Singapore can be served by serving the Texas Secretary of State.  Process or notice can be sent to AET Singapore at its home office, 15–07, The Metropolis Tower 2, 11 North Buona Vista Drive, Singapore 138589.

6. On or about April 1, 2014, Plaintiff and or its shipper tendered in good order and condition to one or more Defendants at or near the Corpus Christi Lightering Area a bulk cargo of fuel oil.  One or more Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver to Plaintiff or its consignee at Corpus Christi the cargo in the same good order and condition as when received, in consideration of paid

freight charges.  One or more Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued one or more bills of lading, including Bill of Lading No. FMC 020396F, free of exceptions or other notations for loss or damage.

7. Thereafter, on or about April 24, 2014, the M/T EAGLE KANGAR arrived at Corpus Christi where one or more Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was missing, short and never delivered.  The loss proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/T EAGLE KANGAR.

8. Alternatively but without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from AET Singapore's act(s) and/or omission(s) constituting negligence in managing and/or operating the M/T EAGLE KANGAR.

9. Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence.  Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendants' control.

10. At all times material, Plaintiff performed all of its obligations under any and all contracts with any or all Defendants.  At no time did any of Plaintiff's acts or omissions cause or contribute to cause the loss of the cargo or Plaintiff's proximately resulting loss and damages.

11. All conditions precedent have been performed or have occurred for Plaintiff to bring this suit and demand payment from Defendants of all damages, interest and costs owed for the cargo's loss.

12. By reason of the premises, Plaintiff proximately has sustained damages exceeding $109,515.98 plus interest dating from April 1, 2014, demand for which has been made upon Defendants but which they refuse to pay.

13. If any charter party, booking note, bill of lading, waybill or other contract of carriage or affreightment legally obligates Plaintiff to arbitrate all or any part(s) of any dispute(s) or matter(s) arising herein, then this Complaint constitutes, and Plaintiff hereby presents, written notice of claim and demand for relief at arbitration in the forum required and, for that purpose, appoints as arbitrators, Jack Berg of New York, or Michael Baker–Harber of London.

14. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mercuria Energy Trading S.A. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/T EAGLE

KANGAR, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/T EAGLE KANGAR be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/T EAGLE KANGAR, *in rem*, and AET Inc. Limited and AET Shipmanagement (Singapore) Pte. Ltd., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

>Respectfully submitted,
>
>*SHARPE & OLIVER, L.L.P.*
>
>By _____
>Robert C. Oliver
>State Bar No. 15255700
>S. D. Texas No. 886
>5535 Memorial Drive, Suite F570
>Houston, Texas 77007
>Telephone:    (713) 864–2221
>Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF